# Rebman, Appellant, *v.* School District of the Borough of Crafton.

*Elections—School law—Increase of debt—Ballot—Constitutional law.*

Section 4 of article 8 of the constitution of Pennsylvania, which provides that "every ballot voted shall be numbered in the order in which it shall be received, and the number recorded by the election officers in the list of voters opposite the name of the elector who presents the ballot," does not apply to an election for the increase of the debt of a school district.

Argued Nov. 7, 1901.   Appeal, No. 93, Oct. T., 1901, by plaintiff, from decree of C. P. No. 1, Allegheny Co., March T., 1901, No. 638, dismissing bill in equity in case of John Rebman, Jr., v. School District of the Borough of Crafton.   Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Bill in equity to restrain the issue of bonds by a school district.

Stowe, P. J., filed the following opinion :

The only question raised, under the admitted facts in the case, is whether the election or submission to the voters of

Crafton school district for the approval or rejection in regard to the question of creating an indebtedness not ·exceeding $55,000 for the purchase of ground and erection of school building, etc., as stated in plaintiff's bill, was a valid election or proceeding under the law of the Commonwealth.

None of the facts alleged in the bill are contradicted, and the allegation therein is that the constitution of the commonwealth providing that "Every ballot voted shall be numbered in the order in which it shall be received and the number recorded by the election officers in the list of voters opposite the name of the elector who presents the ballot;" and the ballots voted upon this particular question not being so marked, and no list of voters casting said ballots being kept by the election board, the said election was not conducted as required by the laws of the commonwealth, and is therefore invalid.

Upon this question we are of opinion that the constitution does not apply to elections of this kind held in this case.

We are of opinion that the ninth article, section 8, of the constitution, providing that the debt of school districts shall not be increased without the assent of the electors thereof at a public election in such manner as shall be provided by law, does not bring it within the purview of the fourth section of article 8. The evident meaning of the section is that the election held for such purpose is subject to such regulation as the legislature may thereafter prescribe.

But assuming, as claimed by the plaintiff, that the constitutional requirement in regard to numbering ballots does apply, we think an election should not be declared illegal and invalid, everything else being regular, honest and fair, merely for the reasons shown in this case.

The plaintiff's bill must be dismissed at his costs.

*Error assigned* was the decree of the court.                    ¬

*A. B. Stevenson*, for appellant.

*W. H. McClung*, for appellee.

PER CURIAM, January 6, 1902:

The decree in this case is affirmed on the opinion of the court below.